In the Matter of the Application of JAMES F. DONNELLY, for a Writ of Habeas Corpus to Inquire into the Causes of Detention of CLARK G. KUNEY and EDWARD A. SAUTER.

Supreme Court, Special Term, New York County, June 30, 1938.

*James F. Donnelly* [*James F. Donnelly, Merwin Lewis, Hugo Wintner* and *Robert P. Schur* of counsel], for the motion.

*Thomas E. Dewey, District Attorney* [*William P. Rogers* and *Arnold L. Bauman* of counsel], opposed.

PECORA, J. Petitioner, as attorney for the two persons convicted, has unsuccessfully sought to obtain their release by habeas corpus. His application having been denied, he now applies for a stay, pending appeal, and the admission of the prisoners to bail. Their present status is that of persons convicted of grand larceny, whose conviction was finally affirmed by the Court of Appeals. The trial judge subsequent to affirmance suspended the execution of their sentence indefinitely and without condition, and thereafter revoked the suspension. The writ was sought on the ground of lack of power to revoke suspension of execution under the circumstances. I held that the writ properly lay as an alternative and speedy remedy, but I dismissed the writ on the merits, holding that the trial judge had full power to revoke the suspension, and that in doing so he had not acted arbitrarily (168 Misc. 285).

An informal application for a stay and for admission to bail pending appeal to the Appellate Division was denied, without prejudice to a formal application supported by briefs. In this form the application is before me now, with briefs from both sides. Two alternative sources of authority for relief are cited. One is section 527 of the Code of Criminal Procedure, which provides for the granting of certificates of reasonable doubt. That section authorizes a discretionary stay upon appeal " from a judgment of conviction, *or other determination from which an appeal can be taken.*" It is argued that the italicized words refer to a situation *other* than an appeal from a conviction, such as the one in the instant case. It seems to me that " or other determination " means a judgment or order *ejusdem generis* with a conviction, or one allied with it, and not a different type of order. Thus, a conviction with a suspension of sentence, coupled with onerous probation conditions, might impel a defendant to appeal and seek a stay. That situation

might not be the ordinary type of conviction, in which the defendant on appeal seeks a stay to avoid the immediate beginning of service of the sentence, but one of a related kind. That a circumstance, like the one at bar, is not covered by section 527 is evidenced by the fact that the exercise of the power to grant a stay is limited to the court of first instance. While the Supreme Court is also mentioned as a source of authority in that section, this does not include the Appellate Division, as I know of no authority which permits the granting of a certificate of reasonable doubt by the Appellate Division in the first instance after conviction. The very requirement that such certificate must be filed with the notice of appeal to obtain a stay, indicates that it was not intended to empower the Appellate Division to grant a certificate directed to itself, but that if the certificate was out of the Supreme Court, it was to be issued by a non-appellate part.

In fact, section 529 of the Code of Criminal Procedure specifically provides that, upon conviction, the application for a certificate " must be heard and determined either by the court in which such conviction was had, provided said court is a court of record, or the Court of Special Sessions of the City of New York, or by a regularly appointed Special Term of the Supreme Court held within the judicial district in which the conviction was had."

Section 1276 of the Civil Practice Act is the other source of authority invoked. That section reads:

" Where a prisoner who stands charged upon a criminal accusation with a bailable offense, has perfected or intends to take an appeal from a final order dismissing the proceedings,* remanding him, or otherwise refusing to discharge him, made as prescribed in this article, the court or judge, upon his application, either before or after the final order, and upon such notice to the district attorney as the court or judge thinks proper, must make an order fixing the sum in which the applicant shall be admitted to bail pending the appeal; and thereupon, when his appeal is perfected, he must be admitted to bail accordingly."

Under that section a defeated relator *charged* with a crime, who appeals from an adverse decision, *must* be admitted to bail pending the appeal if the offense is a bailable one. In the instant case the offense of the relators is a bailable one. But the difficulty is that the express language of the statute applies only to persons

---

* (Note. The comma is missing after the word " proceedings." I have inserted it, because it is found in section 2060 of Code of Civil Procedure. It was undoubtedly omitted by inadvertence when that section became section 1276 of the Civil Practice Act. It should be formally inserted by amendment, as without it the phrase "dismissing the proceedings remanding him," makes no sense.) — [BY THE COURT.

*charged* with the crime, not to those *already convicted.* Any authority for the exercise of the discretionary power of the court must therefore be sought outside of the statute. For that matter, section 1276, which seems to limit the right to bail to persons charged with the crime, is only confirmatory of the common law and adds nothing to the power of the court.

There is some indication in the authorities of the exercise of the discretionary power of the court in one or two cases. Thus, in *People ex rel. Le Carta* v. *Warden* (118 Misc. 109) the question whether a relator's time had expired was before the court on habeas corpus. While the writ was dismissed, the court said: " I do not intend that the prisoner shall suffer if it ultimately appear that the committing justice was right and the Parole Board wrong. Therefore, the writ is dismissed, with the suggestion to the counsel for the relator that they appeal and apply for the admission of the prisoner to reasonable bail, under section 1276 of the Civil Practice Act."

The district attorney questions the soundness of this view, and characterizes it as dictum. I do not agree with the ruling in that case in so far as it purports to base the power of the court upon section 1276 of the Civil Practice Act, which I regard as merely confirmatory of the common law duty to allow bail. But I believe that the court, in a case like the one mentioned, should have the discretionary power on general principles; otherwise a person held in jail beyond the possible expiration of the term might have no redress in the event his petition for release on habeas corpus was denied. The discretion resides in the court in the absence of any prohibitory statute. The probable reason for the dearth of authority on the subject is that instances of that character are very rare. Regarding the present application, however, from the standpoint of an appeal to the discretion of the court, I find myself unable to grant it.

There is only one question on this appeal, and that is the power of the trial court to revoke the favor of°a suspension of the execution of a sentence. On this point I entertain no doubt. However, I do not desire to foreclose defendants from any other possible legal attempt to obtain bail pending appeal. There is an indication in *People ex rel. Meeker* v. *Baker* (139 App. Div. 471) that a motion to stay proceedings on the dismissal of the writ and for the admission of the relator to bail may be made to the Appellate Division. That was the procedure adopted in the case just cited. The motion for a stay was granted directly upon application to the Appellate Division and bail fixed. While the case did not involve a proceeding subsequent to conviction, there is ample indication that

some consideration was given to the situation as one involving the exercise of discretion, and not one in which the relator was entitled to bail as a matter of right. Mr. Justice SCOTT, while concurring in the granting of the stay, did not concur in the determination to admit the relator to bail.

Under these circumstances I shall deny the application for the admission of the relator to bail, without prejudice to an application to the Appellate Division after the filing of the notice of appeal.