THE PEOPLE OF THE STATE OF NEW YORK ex rel. GILBERT GORDON, Appellant and Respondent, against HARRY T. ASHWORTH, as Acting Warden of the Penitentiary of the City of New York, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent and Appellant.

Argued December 1, 1942; decided April 15, 1943.

*Frank S. Hogan, District Attorney (Stanley H. Fuld* and *Francis C. Leffler* of counsel), for People of the State of New York, respondent and appellant.

*Selig Lenefsky* for relator, appellant and respondent.

FINCH, J. Both the People of the State of New York and the relator appeal from an order of the Appellate Division which modified an order discharging the relator from custody by directing that he be remanded to the Court of Special Sessions for resentence.

The relator pleaded guilty to two separate informations, one the "unlawful possession of a firearm" (Penal Law, § 1897) and the other "unlawfully possessing a habit-forming drug" (Public Health Law, §§ 423, 440). He was given an indeterminate sentence in the city penitentiary upon each conviction, the terms to run consecutively. Thereafter he served twenty-eight months of imprisonment on the first commitment, due allowance being given for time in jail awaiting trial and for exemplary behavior and industry. He was thereupon deemed released on the first commitment and was then detained under the second commitment. The maximum length of confinement under the second commitment would be a term of thirty-six months from the date of the expiration of his first commitment.

After relator had finished serving his time under the first commitment he instituted this habeas corpus proceeding to test the validity of his detention under the second commitment, claiming that a Court of Special Sessions did not have power under the Parole Commission Law (Correction Law, art. 7-A) to make commitments for consecutive, indeterminative terms. The Court at Special Term holding that the imposition of such consecutive sentences was contrary to the provisions of the Parole Commission Law, sustained the writ and discharged the relator from custody. Upon appeal, the Appellate Division reached the conclusion that the relator should not be discharged from custody, but be remanded for resentence upon the second judgment of conviction.

We reach the conclusion that the Appellate Division has properly construed the Parole Commission Law.

The problem presented is one of construction, whether under the Parole Commission Law there may be a commitment for consecutive terms following conviction upon distinct offenses. The People contend that under the Parole Commission Law the courts of New York have such power. The relator contends that there cannot be two consecutive commitments under the Parole Commission Law upon the ground that no term of commitment under this Law can exceed three years.

The relator would seem to overlook the fact that he has pleaded guilty to two separate and distinct misdemeanors. It is true that the Parole Commission Law does specify that "The term of such imprisonment * * * shall not exceed three years" (Correction Law, § 203, subd. b.), but this language obviously refers to the case where a defendant stands convicted of a single crime and does not purport to cover a case where a defendant has been convicted of more than one crime. To urge that the court can under no circumstances order the confinement of an offender guilty of more than one crime for a period which may exceed three years would in effect be urging that a defendant may not be punished for each of the crimes of which he has been found guilty. But we have held otherwise. In *People* v. *Ingber* (248 N. Y. 302, 306) we quoted from TILGHMAN, C. J., in *Russell* v. *Commonwealth* (7 S. & R. 489 [23 Penn. St.]): "'Would it not be absurd, to make one imprisonment, a punishment for two offences? Nay the absurdity does not end there, for unless imprisonment for the last offence is to begin where the imprisonment for the first ends, it would be impossible, under our system, to punish the offender, in certain cases, for the last offence, at all.'" And by statute (Penal Law, § 2190) there is provided discretionary power in the courts to impose consecutive sentences. The Court of Special Sessions is vested with such power to impose consecutive sentences. (*People* v. *Faden*, 271 N. Y. 435.) It is true that under the Parole Commission Law, where the prisoner is found capable of being substantially benefited by commitment to a correctional institution, the court may temper punishment with the privilege and possible benefit of reformation. But in providing for possible rehabilitation, the statute contains no language looking towards curtailment of the discretionary power in the courts to impose a penalty for each separate and distinct crime. Since no legislative prohibition against the imposition of cumulative penitentiary sentences is to be found either in the Parole Commission Law or in the Penal Law, the Legislature presumably intended that the courts should retain this power with regard to imposition of cumulative sentences.

Nothing in the Parole Commission Law, therefore, prevented the court from sentencing this defendant upon the second of

two crimes after his sentence to the penitentiary upon the first of the crimes has been concluded.

It was argued at Special Term that there is incongruity between the maximum sentence of one year for a misdemeanor under the Penal Law and an indeterminate sentence up to three years for a misdemeanor under the Parole Commission Law. While it is true that the Parole Commission has the power of detaining a prisoner for three years if, in its opinion, this continuing treatment may result in his rehabilitation, yet, if he responds, it is also within the discretion of the Parole Commission to release him almost immediately after he has entered the penitentiary. In other words, under the Parole Commission Law, there is no minimum sentence. Where a defendant has committed but one crime, neither the Parole Commission nor the court has any leeway and must release him at the end of three years even though they may well conclude that three years is not an adequate period for reformation. If, however, the prisoner has been convicted of several misdemeanors, the court is empowered to sentence him separately for each crime, but should do so only after he has been brought before the court for sentence after completing his first sentence.

If we adopt the construction of the Parole Commission Law, that the imposition of an indeterminate sentence forbids any sentence upon pleas of guilty to unrelated misdemeanors, then we reach the unrealistic conclusion that the punishment for one misdemeanor is made the only punishment possible, not only for two unrelated crimes but for as many misdemeanors as the prisoner may recall and wish to plead guilty to. It is submitted that such a construction, by providing for one punishment to become a satisfaction for any number of unrelated crimes, removes any deterrent to their commission and, therefore, weighs against this construction being in accord with the intention of the Legislature.

It follows that the order appealed from should be affirmed.

LEHMAN, Ch. J. (dissenting). The relator pleaded guilty to two informations charging unrelated misdemeanors. Upon conviction of each misdemeanor, the relator was "punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both." (Penal Law, § 1937.) The court had power to direct

that the terms of imprisonment should be served consecutively. (Penal Law, § 2190; *People* v. *Ingber,* 248 N. Y. 302.) No sentence of imprisonment for a fixed term was pronounced upon the defendant. Separate judgments of conviction were simultaneously pronounced. Each judgment provided that the defendant " be imprisoned in the penitentiary of The City of New York, there to be dealt with according to law " and each sentence or commitment bears the notation " to run consecutively."

The Parole Commission Law (now art. 7-A of the Correction Law) applies in terms to " any city of the first class wherein there is a department of correction which has jurisdiction over a workhouse, a penitentiary and a reformatory " and which has created a parole commission pursuant to the statute. (Correction Law, § 200.) It provides (§ 203) that:

" (a) After the creation of a parole commission pursuant to this article any person convicted of any crime or offense punishable by imprisonment in a penitentiary, workhouse, city prison, county jail or other institution under the jurisdiction of the department of correction of the city if sentenced to any institution under the jurisdiction of the department of correction in such city shall be sentenced and committed to a penitentiary or a workhouse or a reformatory under the jurisdiction of such department.

" (b) The court in imposing sentence shall not fix or limit the term of imprisonment of any person sentenced to any such penitentiary. The term of such imprisonment shall be terminated in the manner prescribed in section two hundred four of this article and not otherwise. and shall not exceed three years.

       \*    \*    \*    \*    \*    \*    \*

" (e) This article shall not apply to any person who is:
1. \* \* \*
2. \* \* \*
3. Insane, or mentally or physically incapable of being substantially benefited by being committed to a correctional and reformatory institution."

Concededly the statute was intended to apply to the city of New York. In that city the only sentence of imprisonment which a court would have power to impose upon a person

convicted of either offense to which the relator pleaded guilty would be for an indeterminate term which " shall not exceed three years " unless the court found that such person was " insane, or mentally or physically incapable of being substantially benefited by being committed to a correctional and reformatory institution." The maximum term of imprisonment which *under the provisions of the Penal Law* may be imposed as *punishment* upon a person convicted of a misdemeanor is one year. Within that limit " the punishment to be inflicted in a particular case must be determined by the court authorized to pass sentence " (Penal Law, § 1931); but the Legislature has decreed in the Parole Commission Law that in the city of New York sentence of imprisonment as provided in the Penal Law may be imposed only upon persons who are " incapable of being substantially benefited by being committed to a correctional and reformatory institution." Before imposing sentence under the Parole Commission Law, the court must determine whether the person who has been convicted is capable of being benefited by such commitment. If the court determines that he is a hardened criminal not capable of being benefited by such commitment, the Parole Commission Law does not apply and under the Penal Law the court *must* limit the term of imprisonment to one year. If the court determines that the person who has been convicted is not insane and is capable of being substantially benefited by imprisonment in a correctional or reformatory institution rather than an ordinary jail or reformatory institution, the court *must* sentence him to a correctional or reformatory institution and *may not* " fix or limit the term of imprisonment." (Correction Law, § 203, *supra; People* v. *Thompson,* 251 N. Y. 428.)

During his term of imprisonment under the first sentence the Parole Commission might have terminated the offender's imprisonment in accordance with the provisions of the Parole Commission Law by " parole, * * * release [or] discharge " with the approval of the judge who made the commitment, or on the other hand the offender might be imprisoned under that sentence for three years. If two consecutive indeterminate sentences may be imposed simultaneously then, regardless of the manner in which his imprisonment under the first sentence was terminated, the offender must be imprisoned again for a term which can " be terminated in the manner pre-

scribed in section two hundred four '' of the Correction Law; '' and not otherwise, and shall not exceed three years.'' Before such indeterminate sentences to be served consecutively could be imposed, the court would be compelled to decide that at the end of the first term of imprisonment three years later the offender would still be capable of being '' substantially benefited by being committed to a correctional and reformatory institution ''; though discharge of the offender in accordance with section 204 before the end of three years would, it seems, indicate that, in the opinion of the Parole Commission and the trial court, longer imprisonment would not accord with the public interest; and conversely failure to terminate the imprisonment during the longest term of imprisonment permitted by the statute would, it seems, indicate that corrective and reformatory treatment failed to achieve its purpose. Such construction would thwart the purpose of the Parole Commission Law that ''correctional and reformatory institutions '' should be established in which offenders who are not incapable of moral improvement might be imprisoned until the desired improvement has been noted by the Parole Commission and the court, or until three years of imprisonment had been served. Such construction would deprive the Parole Commission and the court of a part of the discretionary power vested in them by law to discharge an offender from imprisonment at any time and would permit the trial court to impose upon an offender deemed capable of moral regeneration a longer term of imprisonment than could be imposed upon a confirmed criminal. That construction is contrary to the letter and the spirit of the Parole Commission Law.

So far the judges of the courts below have agreed and there is no difference of opinion between Judge FINCH and myself. Difference of opinion arises only upon the question whether the court which must sentence an offender upon conviction of two or more offenses may impose an indeterminate sentence for one offense and suspend or postpone sentence for the other offense, or offenses, until the first sentence has been served. The power of the court to impose cumulative sentences *under the Penal Law* is not open to question and if the court had determined that the relator was incapable of being benefited by sentence imposed in accordance with the Parole Commission

Law the court could certainly have imposed sentence of imprisonment for a term of not more than one year for each offense to run consecutively in accordance with the provisions of the Penal Law; for in such case the Parole Commission Law would by its terms have no application. The Parole Commission Law does not, however, contain any express provision for cumulative sentences and the question here presented is whether the power to impose such cumulative sentences must be implied.

We are told that such power must be read into the statute because the Legislature cannot be deemed to have intended that the courts under the Parole Commission Law are required to impose the same punishment for two or more offenses as they would impose for one. The argument overlooks the fact that the basic theory of the Parole Commission Law is that where a person can benefit by correctional or reformatory treatment the court shall *not* fix a term of imprisonment proportioned to the offender's guilt, but shall commit the defendant to a correctional or reformatory institution for a term of imprisonment not to exceed three years. The punitive purpose of imprisonment is subordinated to its reformatory purposes. Where a statute expressly provides that sentence must be imposed which shall not be proportioned to an offender's guilt, there is little if any basis for reading into the statute an implied power to impose cumulative punishment for several offenses.

The court could not at the time of original sentence impose an indeterminate sentence for one offense under the Parole Commission Law upon a finding that the offender is capable of being benefited by commitment to a correctional or reformatory institution and, at the same time, impose a sentence for a fixed term not over one year under the Penal Law upon a contrary finding. That is undisputed. The court could not at that time impose two indeterminate sentences under the Parole Commission Law. Upon that point, as I have said, all are agreed. If the offender is subject to punishment in accordance with the Penal Law, sentence could not in any circumstance be suspended for more than one year — the longest period for which the offender might have been sentenced under the Penal Law (Code Crim. Pro. § 470-a). It follows that the only

sentence which could be pronounced upon an adjourned date is the same indeterminate sentence which all agree the court had no power to impose at the time of the original sentence. I can see no possible basis for reading by implication into the Parole Commission Law a power to suspend or postpone sentence for one offense in order to enable the court to impose a sentence upon the postponed date which the court had not power to impose at the time the offender was convicted. Since the statute cannot be so construed it is perhaps unnecessary to point out that a construction which would permit the court to impose sentences of imprisonment aggregating six years upon charges for which a jury trial cannot be had, would create grave doubt of the constitutionality of the statute.

The order of the Appellate Division should be reversed in so far as it modifies the order of the Supreme Court and the order of the Supreme Court should be affirmed.

RIPPEY, LEWIS and DESMOND, JJ., concur with FINCH, J.; LEHMAN, Ch. J., dissents in opinion in which LOUGHRAN and CONWAY, JJ., concur.

Order affirmed.