The People of the State of New York ex rel. Louis Bergman, Relator, against Harry T. Ashworth, as Warden of the Penitentiary of the City of New York, Defendant.

Supreme Court, Special Term, Bronx County, November 28, 1945.

*Louis Bergman,* relator in person.

*Samuel J. Foley, District Attorney (John B. Lee* of counsel), for defendant.

Hammer, J. The relator by writ of habeas corpus seeks release from the city penitentiary. The relator was indicted by the Grand Jury of Queens County, New York, for the crime of burglary, third degree, and grand larceny, first degree, committed on or about June 25, 1944. On September 29, 1944, in the Queens County Court, he was convicted of unlawful entry upon his own confession and plea of guilty and was committed by the County Judge to the New York penitentiary, there to be dealt with according to law. He spent ninety-five

days in prison prior to conviction and before sentence. The relator admits " the sentencing court had complete jurisdiction and authority over the subject matter " but contends " the sentence imposed by virtue of Article 7a [*sic*] of the Correction Law is null and void." He asserts that under law he could and should have been sentenced only under section 1937 of the Penal Law. That section, as applicable, reads: " A person convicted of a crime declared to be a misdemeanor * * * is punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both."

Relator's ground for the contention that his sentence was illegal is that at the time of sentence he was on parole from the New York City Penitentiary to which he had been previously sentenced for a prior offense, as well as on parole from the Parole Division of the State Department of Correction; that warrants were filed against him by the New York City and New York State Parole Divisions. He asserts that as he was still within the jurisdiction and custody of the Parole Commission, he could not be sentenced to an additional indefinite or reformative sentence. The sentence, therefore, he contends, violates the ruling of the court in *People ex rel. Gordon* v. *Ashworth* (290 N. Y. 285) as well as *People ex rel. Mosher* v. *Ashworth* and *People ex rel. Olga* v. *Ashworth,* both decided at Special Term, Bronx County, by LEVY, J., on May 6, 1943.

While these latter two decisions could be taken as partially upholding relator's contention to the extent of a remanding for proper sentence, it appears that the relief was granted on consent so that the sentences would be clarified by the use of more skillful mechanics in expressing same. The *Gordon* case (*supra*) relates to a different situation. Gordon had pleaded guilty and was convicted of two separate misdemeanors, one the " unlawful possession of a firearm " (Penal Law, § 1897) and the second " unlawfully possessing a habit-forming drug " (Public Health Law, §§ 423, 440). In the sentencing court Gordon was committed on two separate informations to the city penitentiary, there to be dealt with according to law, the judgments to run consecutively. At the end of the first term the relator instituted a habeas corpus proceeding for his release. The holding was that it was proper at the end of the first term to sustain the writ of habeas corpus to the extent of remanding the relator for judgment upon the second information. The reason stated was that where the defendant (relator) was guilty of two separate misdemeanors, the sentencing court at the time

of ordering such commitment under the Parole Commission Law (Correction Law, art. 7-A) had no power to make the two commitments for consecutive indeterminate terms. This was all the court decided, but the decision has been frequently misconstrued. Seemingly there has been overlooked very significant words in the majority opinion, stating (p. 288): " To urge that the court can under no circumstances order the confinement of an offender guilty of more than one crime for a period which may exceed three years would in effect be urging that a defendant may not be punished for each of the crimes of which he has been found guilty. But we have held otherwise. In *People* v. *Ingber* (248 N. Y. 302, 306) we quoted from TILGHMAN, C. J., in *Russell* v. *Commonwealth* (7 S. & R. 489 [23 Penn. St.]): ' Would it not be absurd, to make one imprisonment, a punishment for two offenses? Nay the absurdity does not end there, for unless * * * the imprisonment for the first ends, it would be impossible, under our system, to punish the offender, in certain cases, for the last offence, at all.' "

LEHMAN, Ch. J., in a dissenting opinion with which LOUGHRAN, J., (now Ch. J.) and CONWAY, J., joined, stated (*People ex rel. Gordon* v. *Ashworth,* 290 N. Y. 285, 293–294, *supra*): " The court could not at the time of original sentence impose an indeterminate sentence for one offense under the Parole Commission Law upon a finding that the offender is capable of being benefited by commitment to a correctional or reformatory institution and, at the same time, impose a sentence for a fixed term not over one year under the Penal Law upon a contrary finding. That is undisputed. The court could not at that time impose two indeterminate sentences under the Parole Commission Law. Upon that point, as I have said, all are agreed. If the offender is subject to punishment in accordance with the Penal Law, sentence could not in any circumstance be suspended for more than one year — the longest period for which the offender might have been sentenced under the Penal Law (Code Crim. Pro. § 470-a). It follows that the only sentence which could be pronounced upon an adjourned date is the same indeterminate sentence which all agree the court had no power to impose at the time of the original sentence. I can see no possible basis for reading by implication into the Parole Commission Law a power to suspend or postpone sentence for one offense in order to enable the court to impose a sentence upon the postponed date which the court had not power to impose at the time the offender was convicted."

Inmates under restraint are permeated completely with the constant desire for freedom and take as unchangeable and unqualified law such parts of the expressed opinions as best serve their wishful thinking and completely overlook both the conclusion expressed in the decision and that it is binding and controlling upon the court to which the application for relief is addressed. The *Gordon* case (*supra*) does not do more than hold that while the sentencing court had the power to impose punishment for two misdemeanors, it could not exercise that power by ordering at the same time two indeterminate sentences to run consecutively. The language of the opinion must be confined to the facts before the court. (*Dougherty* v. *Equitable Life Assurance Soc.*, 266 N. Y. 71, 88.) No judge or court has expressed any considered opinion that a person who commits a crime or misdemeanor while on parole may not be punished for the latest offense. All are agreed that the mere statement of such a proposition demonstrates its absurdity. Nor has any controlling decision held that in such instance the sentence must be a definite term under the Penal Law. Under the decision and the majority opinion of the *Gordon* case (*supra*), sentence under the Parole Commission Law is proper and legal. The Parole Commission alone has the power and discretion under the law to fix the length of time of custody within the maximum period prescribed by that statute (Correction Law, § 203, subd. [b]). The situation caused by two indeterminate sentences imposed for different offenses at different times may be presumed to have been considered by the commission. It may be that they are accepted as running concurrently so that not more than a maximum time of three years from the time of last sentence will be exacted from the inmate. In any event, the time to seek relief for any claim of unlawful restraint would not occur until the expiration of the full period required to be served under the first sentence as to the legality of which no question is raised. (See *People ex rel. Gordon* v. *Ashworth*, 290 N. Y. 285, *supra; People ex rel. Solomon* v. *Slattery*, 39 N. Y. S. 2d 43; *People ex rel. Moley* v. *Ashworth*, 186 Misc. 251.) Those decisions are also authority for the proposition that relator may not be released from custody even if it were held that the sentence of which complaint is made were irregular. As pointed out in the *Gordon* case (*supra*) the holding was that the relator be remanded to the sentencing court for proper sentence.

Writ dismissed without prejudice to appeal or to habeas corpus writ when first indeterminate term ends. Relator remanded to custody.