THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALICE FYFE et al., Relators, against RUTH E. COLLINS, as Superintendent of New York City House of Detention for Women, Defendant.*

Supreme Court, Special Term, New York County, August 15, 1947.

*Louis Kaye* for relators.

*Frank S. Hogan, District Attorney (Edward T. Perry* of counsel), for defendant.

LUMBARD, J. This is an application by relators by writ of habeas corpus for discharge from the House of Detention for Women pending an appeal from an allegedly unlawful sentence of the Court of Special Sessions.

Relators were convicted of the crimes of conspiracy to obstruct justice (Penal Law, § 580, subd. 6) and inducing another to withhold true testimony (Penal Law, § 813). Both counts were embodied in one information. On the conspiracy count relators were sentenced to the penitentiary and on the withholding count sentence was postponed until the termination of the sentence on the conspiracy count.

On this application relators argue that the sentencing court was without power to impose consecutive sentences, their theory of the law being that the joinder of *two* separate offenses in *one* information permits of only *one* judgment. It is further contended that upon a denial of the writ, this court is obliged

---

* See *People* v. *Fyfe,* 273 App. Div. 768.— [REP.

to admit relators to bail. The court is unable to agree with either of relators' contentions.

It is conceded that had relators been tried and found guilty on two separate informations, the method of sentencing here employed would be compatible with established principles of law. (*People ex rel. Gordan* v. *Ashworth,* 290 N. Y. 285.) But, it is argued that if a person commits two crimes, and he is brought before a court of justice for trial on one sheet of paper instead of two, the sentence meted out after a finding of guilt for both crimes may not be the same. This court finds it difficult to agree with relators' logic, and in the absence of controlling authority must rule against them on this point. Indeed, the Court of Appeals in the *Ashworth* case (*supra*) appears to have prescribed the method of sentencing here employed. It said (p. 289): " If, however, the prisoner has been convicted of several misdemeanors, the court is empowered to sentence him separately for each crime, but should do so only after he has been brought before the court for sentence after completing his first sentence."

Nor is there any statutory mandate requiring that the relators be admitted to bail. Section 1276 of the Civil Practice Act provides that " Where a prisoner who stands *charged,* upon a criminal accusation, with a bailable offense, has perfected or interds to take an appeal  *  *  * " (italics supplied) upon application the court must admit him to bail. But the relators here have been convicted. In such a case the statute has no application. (*Matter of Donnely* [*Kuney-Sauter*], 168 Misc. 308.)

Accordingly, the application for a writ of habeas corpus, or for bail, is denied.