Francis X. Conlon, J.
The facts behind this habeas corpus proceeding are as follows: The relator in County Court, Kings County, pleadéd guilty to two separate indictments which charged misdemeanors. On the first, he was sentenced to one year in the penitentiary and, on the second, he was sentenced to an indefinite term in the penitentiary. The sentences were to run consecutively. The first sentence was under the Penal Law, the second under the Correction Law. There was some conflict as to whether the sentencing Judge actually imposed such sentences or, in fact, sentenced the relator to two consecutive one-year terms in the penitentiary. This matter has been the subject of a hearing in the sentencing court and has resulted in a determination that the stenographic minutes of the sentencing were accurately taken but inaccurately transcribed. On motion by the District Attorney, the minutes were resettled and corrected (People v. Nally, N. Y. L. J., Jan. 4, 1960, p. 12, col. 6, Sobel, J.). That determination, however, will not affect this matter before the court.
A sentencing court has power to impose two determinate sentences to run consecutively (People v. Ingber, 248 N. Y. 302). It does not have power to so impose two indefinite sentences nor to defer one sentence until the completion of the first (People v. Cioffi, 1 N Y 2d 70).
The question before this court is, was the imposition of one determinate sentence and one indefinite sentence proper? Counsel have not furnished the court with, nor has the court been able to find, precedents in this State. Judge Sobel, on the hearing, while not determining the matter, stated: “As far as I can determine, the issue has never been determined by an appellate court. ’ ’
The Court of Appeals in People v. Thompson (251 N. Y. 428) stated at page 430: “Indeed, we are unanimous that the pro *396 visions of that law (Parole Commission Law) are mandatory * * *, whenever the defendant ‘ is not insane or physically incapable of being substantially benefited by the correctional and reformatory purposes ’ of the institution to which he is committed.” And at page 432: “ then a sentence for a fixed term is necessarily based upon a previous determination that the offender lacks capacity to benefit substantially by correctional and reformatory treatment, just as a sentence under the Parole Law is necessarily based upon a previous determination that the offender is not incapable of such benefit. Decision as to the capacity of the offender is, therefore, necessarily implied in the sentence imposed.”
Accordingly, if the court finds that a defendant is not capable of being benefited, it must limit the sentence to one year; if he may be benefited, it must sentence him pursuant to section 203 of the Correction Law. In the dissenting opinion in People ex rel. Gordon v. Ashworth (290 N. Y. 285, 293) it is stated that it was undisputed and that all of the court agreed that “ The court could not at the time of the original sentence impose an indeterminate sentence for one offense under the Parole Commission Law upon a finding that the offender is capable of being benefited by commitment to a correctional or reformatory institution and, at the same time, impose a sentence for a fixed term not over one year under the Penal Law upon a contrary finding.” (See, also, People v. Cioffi, supra, p. 72.)
This is precisely the question to be answered by this court and in the absence of other controlling authority is adopted by this court.
At the time of sentencing the court first sentenced the relator to a definite term in the penitentiary which conclusively indicates that he found him to be incapable of being substantially benefited by commitment under section 203 of the Correction Law. That sentence was valid and proper and the defendant has served his time thereunder. However, immediately after announcing that sentence, the court imposed an indefinite sentence, indicating that he could be benefited. That sentence was invalid and improper and should not be allowed to stand. The inconsistency is apparent. Accordingly, the writ is sustained to the extent that the relator is remanded to the County Court of Kings County for further proceedings not inconsistent with this opinion.