Aron Steuer, J.
Motion for a certificate of reasonable doubt. Relator on trial on a charge of murder in the first degree. He interrupted the trial to plead guilty to murder in the second degree. On April 22, 1932 he was sentenced to 30 years to life imprisonment, 5 years of which was pursuant to section 1944 of the Penal Law, for the commission of crime while armed. He appealed from so much of the order as imposed the additional sentence of five years. The Appellate Division (258 App. Div. 643) remanded the case for further sentencing, directing a hearing on the issue of whether the facts warranted the additional sentence. A hearing was held. It is not quite clear what followed but the relator’s contention is that on April 1,1941 the court vacated the original sentence and then reimposed it upon a finding that relator was armed at the time. On January 5, 1960 relator sued out a writ of habeas corpus. After hearing, the writ was dismissed and relator was remanded. He now seeks a certificate to be admitted to bail pending appeal from the decision on the writ.
Relator’s position is, of course, highly technical. The proper procedure on the resentence would have been to reimpose the additional five-year term and let the main sentence stand as it was (Matter of Lyons v. Robinson, 293 N. Y. 191). But relator was in no way prejudiced by what was done. His term was exactly the same as it would have been had the form been followed properly.
*219 It is relator’s contention that the court lost jurisdiction by virtue of resentencing. That is not so. The court had jurisdiction to resentence. Any error could have been corrected by appeal. As the error was immaterial and could not have affected relator’s period of incarceration there was no object in appealing. So the decision on the writ was not only technically correct, it did relator no damage.
But even if there was good ground for appeal the relator is not entitled to the relief. Granting bail on appeal is forbidden to one convicted of a crime punishable with life imprisonment or of a felony committed while armed (Code Grim. Pro., § 555). In addition bail in a habeas corpus proceeding is limited to persons charged with a crime, not as here convicted of a crime (Civ. Prac. Act, § 1276; Matter of Donnelly, 168 Misc.. 308). Motion denied.