Francis X. Conlon, J.
This is an application by way of habeas corpus for nominal bail pending determination of a writ *395 of coram nobis by Kings County Court where the relator was convicted by a jury on January 21,1960, of burglary in the third degree and received a sentence of 5 to 10 years as a second offender. It is the contention of the relator that the writ of coram nobis will disclose that he has uncontroverted evidence to prove that the aforesaid conviction was erroneously obtained against him, and that in order to obtain a fair hearing and for reasons of his health (he suffers from an arrested and possibly recurring cancer) bail be fixed so that he could obtain his freedom pending the disposition of the writ.
Section 555 of the Code of Criminal Procedure deals with the granting of bail after conviction. Under this section a defendant charged with a felony may be admitted to bail before or after indictment, prior to his conviction, even though there is reason to believe that the crime charged is his second felony offense, but after his conviction of the second felony, bail is prohibited (People v. Wirtschafter, 305 N. Y. 515 [1953]). A second felony offender may not be admitted to bail after conviction (People v. Cavalluzzo, 144 N. Y. S. 2d 334).
Also, it was held in the Matter of People v. Mummiani (23 Misc 2d 217, 219) that bail in a habeas corpus proceeding is limited to persons charged with a crime, not convicted of a crime (Civ. Prac. Act, § 1276; Matter of Donnelly, 168 Misc. 308).
The relator here is serving out the term of his sentence, nine months left to make him eligible for parole, having served almost three years. No appeal, pursuant to section 555 of the Code of Criminal Procedure, has been prosecuted.
The relator’s physical condition is conducive to sympathy, but under these circumstances a writ of habeas corpus is not the proper remedy and since the relator is a second offender, the application is denied. Writ is dismissed.