THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOE WEBB, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 2, 1965, convicting him, on his plea of guilty, of petit larceny and sentencing him under article 7-A of the Correction Law to an indefinite term in the New York City Penitentiary, to be served consecutively to another indefinite term therein which defendant was then serving. Judgment reversed on the law and defendant remanded to the trial court for resentencing. No questions of fact have been considered. In our opinion it was error for the sentencing court to sentence defendant to an indeterminate term under article 7-A of the Correction Law to be served *consecutively* to another indeterminate term which the defendant was serving at the time of sentence (see *People ex rel. Gordon* v. *Ashworth*, 290 N. Y. 285, 288–290; *People* v. *Cioffi*, 1 N Y 2d 70, 72; *People ex rel. Bernard* v. *Ashworth*, 43 N. Y. S. 2d 366). Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.

BENNO SCHEIDEGGER, Respondent, v. ALPINE SPORTING GOODS Co., INC., Defendant and Third-Party Plaintiff-Appellant. HEAD SKI CO., INC., Third-Party Defendant-Respondent. (Action No. 1.) BENNO SCHEIDEGGER, Respondent, v. HEAD SKI CO., INC., Respondent. (Action No. 2.) — Orders of the Supreme Court, Queens County, dated December 30, 1966 and January 12, 1967, reversed, with one bill of $10 costs and disbursements payable to plaintiff by defendant and third-party plaintiff-appellant and (1) the latter's motion to consolidate Actions Nos. 1 and 2 granted; and consolidation directed upon the following conditions: (a) the consolidated action shall retain the index and calendar numbers assigned to Action No. 1; (b) the action by plaintiff against the defendant and third-party plaintiff-appellant shall be tried first by the court without a jury; thereafter a jury shall try the issues remaining to be tried in Action No. 2 and the issues remaining to be tried, if any, in the third-party and fourth-party actions in Action No. 1; (c) plaintiff shall have the right to open and close before the jury; and (d) the consolidated action shall be placed on the September 1967 Calendar for trial and all pretrial proceedings shall be completed before September 1, 1967; and (2) cross motion of third-party defendant-respondent granted to the extent of permitting it to file a jury demand, *nunc pro tunc*, in Action No. 1. In our opinion, the denial of consolidation and the failure to permit the third-party defendant-respondent to file a jury demand *nunc pro tunc* constituted an improvident exercise of discretion. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

ERNA M. UHLIG, Appellant, v. 67-46 SEVENTY NINTH STREET CORP. et al., Respondents.— Judgment of the Supreme Court, Queens County, dated May 10, 1966, affirmed, without costs. The evidence justifies the findings and conclusions in the decision of the trial court (*Amend* v. *Hurley*, 293 N. Y. 587, 594) and the decretal provisions in the judgment (cf. *Seagirt Realty Corp.* v. *Chazanof*, 13 N Y 2d 282; *Moore* v. *Livingston*, 14 How. Prac. 1). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.