In the Matter of MICHAEL RICHETTI, Appellant, against NEW
YORK STATE BOARD OF PAROLE et al., Respondents.

Argued January 6, 1950; decided March 2, 1950.

*Charles H. Gaffney* for appellant. I. Appellant has not been convicted of a felony under the laws of New York. (*Blaufus v. People,* 69 N. Y. 107; *Schiffer v. Pruden,* 64 N. Y. 47; *People v. Fabian,* 192 N. Y. 443; *People v. Marendi,* 213 N. Y. 600; *People v. La Sassa,* 44 N. Y. S. 2d 93; *People ex rel. Marcley v. Lawes,* 254 N. Y. 249; *People ex rel. La Placa v. Murphy,* 277 N. Y. 581.) II. Appellant has not been convicted within the meaning of section 242 of the Correction Law. (*Hilderbrand v. People,* 1 Hun 19, 56 N. Y. 394.)

*Nathaniel L. Goldstein, Attorney-General (George A. Radz, Wendell P..Brown, Herman N. Harcourt* and *Thomas F. Saccoman* of counsel), for respondents. I. The writ of habeas corpus was properly dismissed. II. Appellant was convicted of a felony committed while on parole and was therefore subject to the forfeiture made mandatory by section 242 of the Correction Law. (*Matter of Lewis v. Carter,* 220 N. Y. 8; *People ex rel. Brooks v. Warden of Women's Prison,* 175 Misc. 663; *Matter of Weinrib v. Beier,* 294 N. Y. 628; *People ex rel. Spurio v. Foster,* 293 N. Y. 820; *People ex rel. Marcley v. Lawes,* 254 N. Y. 249; *People v. Fabian,* 192 N. Y. 443; *People ex rel. La Placa v. Murphy,* 277 N. Y. 581; *People ex rel. Bistany v. Brophy,* 173 Misc. 572; *People v. Bork,* 78 N. Y. 346; *Korematsu v. United States,* 319 U. S. 432; *People v. Harcq,* 292 N. Y. 321.) III. Parole is a privilege and if violated by the commission of a felony and subsequent conviction therefor, subjects the parolee to the penalty provided by section 242 of the Correction Law. (*People ex rel. Cecere v. Jennings,* 250 N. Y. 239; *People ex rel. Kleinger v. Wilson,* 254 App. Div. 406; *People ex rel. Kurzynski v. Hunt,* 250

App. Div. 378; *Matter of Rouss,* 221 N. Y. 81; *Matter of Done-gan,* 282 N. Y. 285; *Matter of Tarsey,* 184 App. Div. 946; *Matter of Gladstone,* 267 App. Div. 670; *People ex rel. Depew* v. *State Bd. of Parole,* 187 Misc. 640.)

CONWAY, J. We have presented for our consideration the construction to be given to the word " convicted " in section 242 of the Correction Law. That statute, prior to its amendment in 1948, provided insofar as applicable here: " Governor to annex condition to discharge. The governor shall * * * annex * * * a condition to the effect that if any such prisoner shall, during the period between the date of his discharge by reason thereof and the date of the expiration of the full term for which he was sentenced, commit a felony within this state * * * *and if he shall be convicted of such crime* at any time, he shall, in addition to the sentence which may be imposed for such felony be compelled to serve in a state prison the remainder of the term of his previous state prison sentence without reduction which he would have been compelled to serve but for such reduction, as provided for in this article." (Emphasis supplied.)

The petition herein was entitled as an article 78 proceeding but was treated at Special Term, Clinton County, as an application for the issuance of a writ of habeas corpus and a writ was issued based upon it.

The relator was convicted in 1932 in the county of Queens of the crimes of burglary, third degree, and petit larceny and sentenced to a definite term of twenty years as a second offender. On July 2d of 1945, he was released pursuant to the commutation of our Governor upon the following conditions which were then imposed: (1) that he live and remain at liberty without violating the law; (2) that he be subject to the jurisdiction and control of the Board of Parole; and (3) that were he to commit a felony within this State and be convicted of it, he should be compelled to serve in a State prison the remainder of his previous State prison sentence without reduction which he would have been compelled to serve but for such reduction by commutation. The petitioner subjected himself to the control and jurisdiction of the Parole Board until November 21, 1946 (a period of sixteen months and nineteen days). He was then

arrested and charged with the crime of being an accessory to a felony which is a felony under section 2 of the Penal Law. A parole warrant pursuant to section 216 of the Correction Law was issued charging petitioner with violation of his parole. He was indicted, tried and found guilty by the verdict of a jury on March 28, 1947, of the crime of being an accessory to a felony. Sentence was deferred indefinitely, however, and on June 11, 1947, the relator was returned to State prison as a parole violator pursuant to section 217 of the Correction Law. Thereafter the petitioner was advised that by reason of his conviction of a felony he was not entitled to credit for the time spent on parole — the period of sixteen months and nineteen days. After a hearing by the Judge of the Court of General Sessions in New York City before whom he had been tried, petitioner was returned to Special Term, Clinton County, after the deference of sentence had been continued. There the writ was dismissed.

The question thus presented is whether the relator is a parole violator by reason of delinquency or whether he is a parole violator because he has been *convicted* of a felony while on parole. If he be the former, he will receive credit for time spent outside of prison while on parole. If he be the latter he may receive no credit for the time while out of prison while on parole because he has forfeited that time under the terms of the Governor's commutation.

The case is unusual because no sentence has been imposed and the question as to whether the court has the *power* to defer sentence indefinitely has never been presented to us. In many cases cited in the briefs there was either a suspension of sentence or the imposition of sentence and suspension of the execution of the judgment. (See Penal Law, § 2188.) The question of power has not been argued here and we do not pass upon it. (See Code Crim. Pro., § 472.)

We have had occasion to point out that the word "conviction" is of equivocal meaning and that the use of the term may vary with the particular statute involved. It presents a question of legislative intent. (*People* v. *Fabian,* 192 N. Y. 443, 449; *People ex rel. Marcley* v. *Lawes,* 254 N. Y. 249, 254; *Matter of Weinrib* v. *Beier,* 294 N. Y. 628, 631; see, also, *People* v. *Harcq,* 292 N. Y. 321.) We have reached the conclusion that

in section 242 of the Correction Law, it means the adjudication of guilt and imposition of sentence or, in a proper case, suspension of sentence (Penal Law, § 2188). It has been of weight with us in reaching that conclusion, that there may be no appeal by a prisoner who stands in the situation of the relator here nor indeed may there be permissible action under section 4 of article IV of the New York State Constitution. That section grants to the Governor the power to grant pardon after conviction. The last sentence provides: " He shall annually communicate to the legislature each case of reprieve, commutation or pardon granted, stating the name of the convict, the crime of which he was convicted, *the sentence and its date,* and the date of the commutation, pardon or reprieve." (Emphasis supplied.) The petitioner, therefore, not having been convicted of a felony within the meaning of section 242 is a parole violator by reason of delinquency and is entitled to credit for the period he was on parole prior to the date of delinquency.

The orders should be reversed, with costs and the matter remitted to Special Term for proceedings not inconsistent with this opinion.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Orders reversed, etc.