THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SARAH WEBSTER, Defendant.

County Court, Kings County, November 1, 1951.

*Miles F. McDonald, District Attorney (Harry Davey* of counsel), for motion.

*J. Jack Brown,* opposed.

Sobel, J. On October 24, 1951, after giving the District Attorney an opportunity to be heard as required by section 2188 of the Penal Law, this court imposed a two to four-year sentence on Sarah Webster, a second felony offender, and suspended the execution thereof. The court has filed a statement of its reason for suspending execution of the sentence. Principally it is based on the fact that the defendant will be compelled to serve ten years and two months on her previous conviction before commencing service of any sentence which this court might order executed.

The District Attorney contends that the court does not have the power to suspend sentence, or impose sentence and suspend the execution thereof, on a second or third felony offender. The District Attorney relies on section 1941 of the Penal Law which he contends is mandatory and upon the opinion of Mr. Justice Benvenga in the case of *Matter of Hogan* v. *Bohan* (200 Misc. 16).

I believe the law clearly intends to leave with the sentencing Judge discretion to suspend sentence or impose sentence and suspend the execution thereof in case of second or third felony offenders.

Section 2188 of the Penal Law governs " suspending sentence " and " suspending execution of judgment ".

It had its origin in section 12 of the Penal Code (L. 1881, ch. 676). That section read: " The several sections of this Code which declare certain crimes to be punishable as therein mentioned, devolve a duty upon the court authorized to pass sentence, to * * * impose the punishment prescribed."

In *People ex rel. Forsyth* v. *Court of Sessions* (141 N. Y. 288) the court interpreting section 12 of the Penal Law said (pp. 293–294): " This provision was not intended to, and did not abrogate any power over the judgment which the courts possessed before. The provision is declaratory of the law as it always existed, for it was always the duty of the court to

impose the punishment upon conviction, but this duty was never supposed to be inconsistent with the power to suspend the judgment till the next term of the court or indefinitely.''

In 1893 by chapter 279 of the Laws of 1893 that section was amended to include the following: '' but such court may in its discretion suspend sentence, during the good behavior of the person convicted, where the maximum term of imprisonment prescribed by law does not exceed ten years and such person has never before been convicted of a felony.''

By this amendment, the court's power to suspend sentence was curtailed. The court could not suspend sentence where the maximum punishment for the crime of which he was convicted was ten years or more or where the defendant had previously been convicted of a felony.

In 1918, by chapter 457 of the laws of that year the section (then Penal Law, § 2188) was again changed to give the court unlimited discretion to suspend sentence on the execution of sentence. The limitations imposed in 1893 were stricken from the law and the following substituted: '' but a court or magistrate authorized to impose sentence upon conviction of any crime not punishable by death or life imprisonment, or in any case of juvenile delinquency, or in any other proceeding of a criminal nature, *whether the defendant has previously been convicted of a crime or not,* may suspend sentence or impose sentence and suspend the execution of the judgment and may in either case place the defendant on probation in accordance with the provisions of section eleven-a of the code of criminal procedure.'' (Italics mine.)

That chapter (L. 1918, ch. 457) also added the following provision: '' No provision of this chapter or of the code of criminal procedure or of any general statute shall be construed to prevent the court or magistrate authorized to impose sentence from exercising discretion to suspend sentence or suspend the execution of the whole or part of the judgment.''

This was the status of the law during 1926 when the '' Crime Commission '' or '' Baumes Commission '' succeeded in having enacted a series of laws which included:

(1) Section 1941 of the Penal Law which imposed mandatory terms of sentence for all second and third felony offenders. (L. 1926, ch. 457.)

(2) Section 1942 of the Penal Law which strengthened the existing fourth felony offender law and imposed mandatory maximum of life imprisonment for all fourth felony offenders. (L. 1926, ch. 457.)

(3) Added section 1943 of the Penal Law which provided a method of charging second and subsequent offenders with previous felonies (L. 1926, ch. 457).

(4) Added section 1944 of the Penal Law which mandated increased punishment for the use of weapons in the commission of a crime. (L. 1926, ch. 705.)

It is significant that the Crime or Baumes Commission recognized that the courts had discretionary power to suspend these increased mandatory sentences for in its report to the Legislature on February 28, 1927 (N. Y. Legis. Doc. 1927, No. 94) it stated:

At page 261 discussing probation: " By section 2188 of the Penal Law as it now stands sentence may not be suspended where crime is punishable by death or life imprisonment. Other atrocious crimes might well be denied probation."

At page 77 the commission summarizing its report recommended: " 29. That probation be denied to persons who are not suitable for probation, namely, to persons convicted of murder, or of arson, burglary, rape or robbery in the first degree or of kidnapping (except where the person involved is a parent or other relative) or convicted of compulsory prostitution, *or if convicted as a second or subsequent offender,* or if convicted of a felony while armed with a weapon, or if convicted twice of any of the major misdemeanors mentioned in the Bail Laws, such offenses as possessing burglars' tools, unlawful possession of a pistol, unlawful entry, etc. *We also recommend that no person be placed on probation or have sentence suspended who has already been convicted of a felony.* In a word, that probation shall be limited to first offenders and to those not guilty of heinous crimes or of crimes associated with professional criminals." (Italics mine.)

These quotations from the 1927 report of the Crime Commission indicate a clear legislative recognition that in 1927 the law permitted courts to suspend sentence or the execution thereof on second or subsequent offenders and place such offenders on probation.

The following year Assemblyman Esmond, Vice-Chairman of the Crime Commission, introduced " on the recommendation of the Crime Commission " Assembly Bill, Int. No. 182, Print No. 182. That bill repealed old section 2188 of the Penal Law and *re-enacted* a new section 2188. The pertinent provisions of the proposed new section read as follows:

" § 2188. *Suspending sentence; suspending execution of judgment; probation.* The court, judge, justice or magistrate

authorized to impose sentence upon conviction may, except as otherwise provided in this section, (1) suspend sentence, or (2) may impose sentence and suspend the execution of the judgment. In either such case he may place the defendant on probation. Neither sentence, nor the execution thereof, shall be suspended, nor the defendant placed on probation (a) if convicted of murder, or (b) of any of the following crimes in the first degree, viz., arson, burglary, rape or robbery, or (c) of kidnapping other than by a parent or other blood relative, or (d) of compulsory prostitution under section twenty-four hundred and sixty, or (e) *if the defendant convicted is a second or subsequent offender under sections nineteen hundred and forty-one or nineteen hundred and forty-two,* or (f) if the person is convicted of a felony while armed with a weapon as provided in section nineteen hundred and forty-four, or (g) if the defendant is convicted for the second time of any of the misdemeanors or offenses set forth in section five hundred and fifty-two of the code of criminal procedure." (Italics mine.)

That bill was amended by Mr. Esmond in the Codes Committee some weeks after it was introduced (see Assembly Journal, 1928, p. 919) and reported amended Assembly Print No. 1791, as follows:

" § 2188. *Suspending sentence; suspending execution of judgment; probation.* The court, judge, justice or magistrate authorized to impose sentence upon conviction may, except as otherwise provided in this section, (1) suspend sentence, or (2) may impose sentence and suspend the execution of the judgment. In either such case he may place the defendant on probation. Neither sentence, nor the execution thereof, shall be suspended, nor the defendant placed on probation (a) if convicted of a crime punishable by death or life imprisonment, or (b) *if the defendant convicted is a fourth offender under section nineteen hundred and forty-two,* or (c) if the person is convicted of a felony while armed with a weapon as provided in section nineteen hundred and forty-four." (Italics mine.)

It is perfectly clear that the Legislature rejected among others, the proposed limitation on the power of the courts to suspend sentence or execution of sentence on second or third felony offenders pursuant to section 1941 of the Penal Law and retained only the limitation against suspending sentence on fourth offenders under section 1942 of the Penal Law.

In this form the bill was passed and became chapter 841 of the Laws of 1928. That section has been continued, with minor

amendments not pertinent to the issue involved in this case, up to the present time.

I rule on the basis of the legislative history of section 2188 of the Penal Law, that this court has power to suspend sentence or impose sentence and suspend the execution thereof in the case of a second or third felony offender.