In the Matter of FRANK S. HOGAN, as District Attorney of New York County, Respondent, against OWEN W. BOHAN, as a Judge of the Court of General Sessions of the County of New York, Appellant. DANIEL CONNOLLY, Appellant.

Argued January 8, 1953; decided March 5, 1953.

*Allan J. Parker* and *Florence M. Kelley* for appellants. I. The lower court correctly held that there is no difference between a suspended and a deferred sentence. (*Wood* v. *Duff-Gordon*, 222 N. Y. 88; *People ex rel. Bierbaum* v. *Jennings*, 135 Misc.

809; *Gehrmann* v. *Osborne,* 79 N. J. Eq. 430; *People ex rel. Hirschberg* v. *Seeger,* 179 App. Div. 792; *People ex rel. Holton* v. *Hunt,* 217 App. Div. 428; *People ex rel. Decker* v. *Page,* 125 Misc. 538; *Matter of Donnelly [Kuney-Sauter],* 168 Misc. 285; *People ex rel. Kuney* v. *Adams,* 256 App. Div. 802, 280 N. Y. 794; *People* v. *O'Donnell,* 177 Misc. 562.) II. The Court of General Sessions has the power to defer sentence. (*Commonwealth* v. *Minnich,* 250 Pa. 363; *People* v. *La Sasso,* 182 Misc. 538; *People ex rel. Forsyth* v. *Court of Sessions,* 141 N. Y. 288; *Plumb* v. *Almekinder,* 98 Misc. 435; *Puls* v. *New York, L. & W. R. R. Co.,* 54 Misc. 303; *People ex rel. Woodin* v. *Ottaway,* 129 Misc. 120, 222 App. Div. 711, 247 N. Y. 493; *Gehrmann* v. *Osborne,* 79 N. J. Eq. 430; *Miller* v. *Aderhold,* 288 U. S. 206; *Zerbst* v. *Nahas,* 67 F. 2d 742.)

*Frank S. Hogan, District Attorney* (*Charles W. Manning* and *Richard G. Denzer* of counsel), for respondent. The order of the Appellate Division properly affirmed that part of the order of Special Term directing that judgment be pronounced. (*People* v. *Kennedy,* 58 Mich. 372; *People* v. *Penn,* 302 Ill. 488; *Matter of Richetti* v. *New York State Bd. of Parole,* 300 N. Y. 357; *People ex rel. Spurio* v. *Foster,* 293 N. Y. 820; *People* v. *Tissier,* 254 N. Y. 572; *People* v. *Gianni,* 201 Misc. 275.)

FULD, J. Defendant Connolly was convicted of grand larceny in the second degree in the County Court of Queens County in 1946 and sentenced to a term in prison as a second felony offender. He was released on parole after some three years and, while at liberty, proceeded to forge about fifty credit slips, involving small amounts of money. Indicted for those forgeries, he pleaded guilty, in March of 1950, in the Court of General Sessions of the County of New York to the crime of attempted forgery in the second degree. When, a month later, defendant appeared before the Honorable OWEN W. BOHAN for sentence, he admitted that he was the person named in the information filed against him, pursuant to section 1943 of the Penal Law, accusing him of two prior felony convictions.

If section 219 of the Correction Law applied, defendant would be required to serve — in addition to the term imposed upon him as a prior felony offender — the balance of the unexpired

term of imprisonment, almost seven years, stemming from the Queens County Court sentence in 1946.[1]

To temper what seemed the harsh demands of the law, Judge BOHAN "deferred" his sentence, on the assumption that defendant could thus avoid, perhaps forever, being treated or punished as "a parole violator * * * convicted of a felony while on parole." (Cf. *Matter of Richetti* v. *New York State Bd. of Parole,* 300 N. Y. 357, 360.) The district attorney protested the judge's deferment of sentence and some time later brought this article 78 proceeding to compel him to pronounce judgment. The courts below ruled that sentence could not be indefinitely deferred or postponed, and we agree.

There is a statutory scheme calling for indictment, trial, verdict, pronouncement of judgment and appeal. As to judgment, section 471 of the Code of Criminal Procedure provides, a court "must appoint a time for pronouncing judgment", and that time, section 472 recites, must be "at least two days after the verdict, if the court intend to remain in session so long, or if not, as remote a time as can reasonably be allowed". At such time, and in the absence of "sufficient cause [appearing] to the court why judgment should not be pronounced," section 482 of the Code prescribes, "it *must thereupon* be rendered." (Emphasis supplied.) The plan is unmistakable; the court is afforded time to reach decision and pronounce judgment, without running the risk of losing jurisdiction of the defendant by the expiration of its term — as was the case at common law. (See, e.g., *Matter of Rudd* v. *Hazard,* 266 N. Y. 302, 306; *People* v. *Kennedy,* 58 Mich. 372.) But pronounce judgment, impose sentence, it must. And that mandate appears even more clear, when it is realized — as we have already had occasion to remark — that the process of appeal is completely frustrated by the court's act of deferring sentence. (See *Matter of Richetti* v. *New York State Bd. of Parole, supra,* 300 N. Y. 357, 361.) In brief, once the legislature

---

1. Section 219 of the Correction Law recites that, if any prisoner is "convicted in this state of a felony committed while on parole * * * he shall, in addition to the sentence which may be imposed for such felony, and before beginning to serve such sentence, be compelled to serve in state's prison the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole until the expiration ".

has spoken, neither court nor judge may modify or change its pronouncement.

*Matter of Richetti* v. *New York State Bd. of Parole* (*supra*, 300 N. Y. 357) does not hold otherwise; all that we there decided was that deferment of sentence does not constitute a " conviction " under section 242 of the Correction Law, the counterpart of section 219, requiring a prisoner whose sentence has been commuted by the Governor to serve out his unexpired term if convicted of a felony committed while on parole. Nor may the *Richetti* case be invoked for the proposition, advanced by defendant, that to defer sentence is to suspend it and that, by reason thereof, judgment was pronounced and sentence imposed. On the contrary, the opinion of the court suggests just the opposite (p. 360).

In sum, then, following an adjudication of guilt, sentence must be imposed; it may not be deferred or postponed indefinitely. It is incumbent upon the Court of General Sessions to pronounce judgment, either to sentence defendant to a term in prison or to suspend sentence or to impose a sentence and suspend its execution. (See *People* v. *Webster,* 201 Misc. 239, affd. 279 App. Div. 944, affd. 304 N. Y. 621.)

The order of the Appellate Division should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FROESSEL, JJ., concur.

Order affirmed.