NEW YORK STATE DEPARTMENT OF CORRECTION et al., Respondents, v. NATHANIEL H. SATTERFIELD, Appellant.— Appeal from an order of the County Court of Clinton County which dismissed a writ of habeas corpus. The issue involved is whether a suspended sentence for the conviction of a felony constitutes a " conviction " within the meaning of section 219 of the Correction Law. On June 14, 1950 appellant was convicted on a plea of guilty of the crime of robbery in the second degree, and sentenced as a first felony offender to an indeterminate period of not less than 5 nor more than 10 years. He was paroled on August 26, 1953, and thereafter declared delinquent on April 5, 1954, when he was charged with the crime of robbery in the first degree. On July 29, 1954 appellant pleaded guilty to a reduced charge of robbery in the third degree and was sentenced to an indeterminate period of from 5 to 10 years. Execution of this sentence was suspended. Appellant was then returned to prison charged with 6 years, 6 months and 23 days delinquent time on his first sentence pursuant to section 219 of the Correction Law. If appellant was a parole violator merely by reason of some delinquency other than the conviction of a felony while on parole he would be entitled to credit for time served outside of prison while on parole. On the other hand if he was convicted of a felony while on parole he forfeited the time spent outside of prison and must serve the major portion of his first sentence. The word " conviction " is of equivocal meaning and may vary with the particular statute involved (*Matter of Richetti* v. *New York State Bd. of Parole,* 300 N. Y. 357). This court has already determined that a suspended sentence is a conviction within the meaning of section 219 of the Correction Law, and that decision was affirmed by the Court of Appeals (*People ex rel. Spurio* v. *Brophy,* 267 App. Div. 944, affd. *sub nom. People ex rel. Spurio* v. *Foster,* 293 N. Y. 820). That case would seem to be decisive of appellant's contention here. Since appellant has not served his maximum time habeas corpus is not a proper proceeding to raise any other question relative to credit for the time he served from the date of his arrest for the second offense to the date of his return to a State prison. Order affirmed. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.