# (December 15, 1960)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES HERNANDEZ and MANUEL RAMIREZ, Appellants.

APPEAL from judgments of the Court of General Sessions of the County of New York, rendered January 14, 1960, convicting defendants of the crime murder in the first degree pursuant to subdivision 2 of section 1044 of the Penal Law.

MEMORANDUM BY THE COURT. Judgments of conviction affirmed. Although it may be cogently argued on behalf of defendant Ramirez that the court did not, in its charge, make clear to the jury that the portion of the testimony of the witness Walters before the Grand Jury — used to refresh the recollection of the witness or to impeach his testimony on the witness stand — was not to be considered as substantive evidence on the issue of identification, we do not consider this to be prejudicial error. The witness Walters did not identify the defendant Ramirez on his direct examination by the District Attorney. But he made an unqualified identification of him as one of the participants in the attempted hold-up of the bar in the course of his cross-examination by the attorney for the codefendant. As we read this record, there is sufficient testimony, independent of the witness Walters, that identifies the defendant Ramirez as such participant. Both of these defendants, on their own admission, were in the premises at the time of the homicide, each with a loaded gun in his possession. There is ample evidence to support the finding of the jury that the deceased was killed by the defendants while they were engaged in an attempt to perpetrate a robbery.

EAGER, J. (dissenting). I dissent from the affirmance of the judgment of conviction of the defendant Manuel Ramirez of murder in the first degree (felony murder). In my opinion, the conviction should be reversed and a new trial ordered for errors in the reference to and the reading at the trial of certain Grand Jury testimony of the witness Walters and in the refusal to charge as requested with respect to such Grand Jury testimony.

The conviction of said defendant may stand only upon a finding that, at the time of the fatal shooting by codefendant Hernandez of the deceased bystander, he (Ramirez) was engaged jointly with said codefendant in robbery or attempted robbery at closing time of Gil's Bar and Grill. The People called as a witness Martin Walters, who was an assistant manager and one of the bartenders at the Bar and Grill. He testified that he was engaged in "counting the money"; that he looked up and saw "somebody standing * * * as if he had a gun in his hand * * * he yelled first or two shots were fired first; but he yelled 'Everybody to the back; stop the bartenders; get the cash' or 'the money', I don't remember which." His direct testimony, however, was that he could not identify this man and he said "I actually didn't see; it was too dark." Then the District Attorney — over the specific objection and exception of defendant's counsel, read certain Grand Jury testimony, given by the witness Walters in which he had identified a photograph of the defendant Ramirez as representing the man who had said "Stop the bartenders, get the cash". And then the witness was asked if this refreshed his memory as to whether or not in the Grand Jury he had identified the person and his answer was "I did identify this party in the Grand Jury". It may have been proper for the District Attorney to use the Grand Jury testimony for the purpose of refreshing the recollection of the witness or to impeach his statements on the witness stand. (Code Crim. Pro., § 8-a; *People* v. *Ferraro,* 293 N. Y. 51, 56.) However, in view of the objection and exception of the defendant,

it should have been made clear to the trial jury that the Grand Jury testimony was referred to for a limited purpose only and was not evidence in chief; and the failure of the trial court to do so constituted reversible error in this case. (*People* v. *Ferraro, supra.*)

It is true that, by virtue of the provisions of section 393-b of the Code of Criminal Procedure, it was allowable for the witness Walters, who had previously identified Ramirez, to "testify" as to such previous identification. The section reads that the witness "may testify to such previous identification." Clearly, the section is effective merely to allow testimony in chief by the witness of the previous identification. It does not operate to authorize the receipt in evidence of prior testimony or hearsay statements of an identification.

It is to be further noted that the Grand Jury testimony read for the purpose of refreshing the recollection of the witness Walters was merely testimony to the effect that he then identified a photograph of the defendant Ramirez. Under settled law, however, the provisions of section 393-b could not properly be invoked to permit proof that this witness had previously identified a photograph of the defendant. Identification of a photograph is not identification of the person. (*People* v. *Hagedorny,* 272 App. Div. 830 [2d Dept., 1947]; *People* v. *Cioffi,* 286 App. Div. 203, 206 [1st Dept, 1955]; *People* v. *Cioffi,* 1 N Y 2d 70, 73 [1956].) Consequently, the District Attorney, proceeding as he did, got into the record before the trial jury material which was clearly improper. On the face of it, the calling of the attention of the witness to such testimony would merely have the effect of refreshing his recollection that he had previously identified a photograph and not the person of the defendant. Therefore, it is questionable whether the trial court should have permitted the use of the testimony. And, certainly, if it was to be read in the record before the trial jury, the court should have explained to the jury the purpose thereof and given clear instructions that such testimony was not to be considered in any way as affirmative evidence against the defendant.

The trial court, in its charge, in referring to the testimony of Walters, mentioned that Walters "could not identify anyone as a man who had a gun in his hand. He then testified that before the Grand Jury he did pick out the defendant as the man with the gun, that he picked him out from the photograph which is  *  *  *  in evidence." The court then referred to the Grand Jury testimony and said, "This is a reading from the Grand Jury minutes which was permitted by the Court and this was a reading by Mr. Reynolds [an Assistant District Attorney]." But the court unqualifiedly refused a request of the defendant to charge: "The only evidence that the jury is to consider is that sworn to before them in court by a witness; the fact that a witness gave certain testimony before a Grand Jury and the questions and answers were read to that witness for any purpose on the trial are not to be considered as evidence."

The refusal of the trial court to charge as requested was clearly error.

This court is clearly not justified in holding nonprejudicial the errors of the trial court with reference to the allowance of the reading of the Grand Jury testimony and the failure of the court to charge as requested with respect thereto. There was a close question as to whether or not the defendant Ramirez was knowingly taking part in a robbery or an attempted robbery. This court may not now say as a matter of law or fact that the trial jury may not have given some weight to the Grand Jury testimony. It may have been just that additional bit of material which may have influenced the jury to find this defendant guilty beyond a reasonable doubt.

In *People* v. *Ferraro* (293 N. Y. 51, 56, *supra*), where defendant was convicted of murder in the second degree, the prosecutor had used prior statements

and prior Grand Jury testimony to refresh the recollection of certain of his witnesses. It was held that this was proper but a reversal of the conviction of the defendant was held to be required where the trial court, in its instructions to the jury, had failed to make it plain that the statements and Grand Jury testimony were not to be considered as evidence in chief on the question of guilt. What the court said there is applicable here, namely, " we may not lightly assume that a plain error of law in the trial of the case did not affect the substantial rights of the defendant." (See, also, *People* v. *Shingles,* 281 App. Div. 647.)

Breitel, J. P., Rabin and Valente, JJ., concur in Memorandum by the court; Eager, J., dissents and votes to reverse and order a new trial as to defendant Ramirez in opinion, in which Stevens, J., concurs. Judgments of conviction affirmed, etc.