■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT MIDDLETON, Appellant.—

December 2, 1958, a robbery occurred at one of the Chock Full O'Nuts stores. There was one witness to the robbery, a Mrs. Morris. February 2, 1960 this defendant was arrested and indicted with two others, charged with the commission of the crime. The question of identification was one of the major issues. The prosecutor, in his opening statement to the jury, stated that the complaining witness, Mrs. Morris, would testify that she was called to the office of the District Attorney, shown some photographs, from which she selected two, and that a detective would testify that one of the photographs was that of the defendant. On redirect examination of Mrs. Morris she testified that about one year after the robbery she was shown certain photographs at the office of the District Attorney and that she picked out a photograph of the defendant, which was then received in evidence. The court overruled objections to the prosecutor's statement as well as to the testimony of Mrs. Morris. This was error. (*People* v. *Cioffi*, 286 App. Div. 203, revd. 1 N Y 2d 70; *People* v. *Sullivan*, 5 A D 2d 847.) As the trial progressed the People called as a witness one of the persons named as a defendant in the indictment. The witness admitted that he had pleaded guilty to a felony the previous day. Then, under the guise of refreshing the recollection of the witness, the prosecutor read into the record questions directed by the court to the witness at the time the plea was taken, and the answers given. He also read his own statement at the time that he recommended the acceptance of the plea. The questions and answers, as well as the statement, embraced participation by the defendant in the robbery for which he was on trial. There are other errors complained of having to do with the interrogation of another witness called by the People, also a codefendant, who had pleaded guilty. In view of our determination we need not discuss such matters in detail. In our view the cumulative effect of the errors committed requires reversal and a new trial. (*People* v. *Angora*, 13 A D 2d 72.) Concur — Breitel, J. P., McNally and Stevens, JJ.; Valente and Steuer, JJ., concur in result in the following memorandum: We concur in result. Although we are of the opinion that no error was committed in regard to the testimony of prior identification of certain photographs which was introduced pursuant to section 393-b of the Code of Criminal Procedure, there must in any event be a new trial. We are satisfied that the sole purpose of the prosecution in calling as witnesses two codefendants who had already pleaded guilty was unfairly to get before the jury the nonjudicial admissions of those witnesses which inculpated the defendant. It taxes credulity to suppose that the prosecutor did not know that these two witnesses would not inculpate the defendant, when they took the witness stand, or that they would not recant their prior statements which implicated defendant. Moreover, even if we made the unwar-

ranted assumption that the prosecutor was ignorant of the prospective testimony of the two accomplices, knowledge was surely imparted when they gave their testimony. That testimony adduced no proof in support of the People's case. Hence, it became unnecessary to introduce their prior statements; which were not evidence, but which prejudicially implicated defendant. Under those circumstances, the introduction of the prior statements deprived defendant of a fair trial. We vote for reversal on this ground only.