J. Irwin Shapiro, J.
Motion for “ remand for resentencing ” denied. Defendant is serving time under a sentence imposed June 4, 1962 upon his conviction in the former County Court, Queens County, of robbery, second degree, as a second felony offense. The theory underlying his motion is that a sentence *784 awarded to and executed against him. upon his prior conviction of attempted forgery, third degree (also in the former County Court, Queens County) was void because the court failed to appoint a time for pronouncing judgment when, on January 14, 1954, it accepted defendant’s plea of guilty. According to defendant’s interpretation of the matter, the omission of formal compliance with' the statute entitles him to be resentenced (People ex rel. Vischi v. Martin, 8 N Y 2d 63) although it is undisputed and indisputable that he actually was sentenced on February 26, 1954 and was incarcerated in execution of that judgment. I do not accept the validity of the proposition, upon which the success of this motion depends, that a postponement of sentence, without fixing a date therefor, rendered the sentence actually imposed void, there being no such inordinate delay as would have deprived the court of its jurisdiction. :
The stenographic record of the proceedings had upon the occasion when defendant entered his guilty plea discloses that after the plea had been offered and accepted, defendant’s counsel inquired whether the court was setting a date for sentence. An Assistant District Attorney answered “ You will be notified by the Probation Department ”. The other records in the file together with pertinent indorsements thereon, reveal only that after the plea was taken, defendant was remanded for sentence, but no( date for that purpose appears anywhere. The Probation Department’s record bears a time stamp indicating that that department received defendant’s case on the day when he entered his guilty plea. Another time stamp, on a Probation Officer’s report, shows that an investigation was made and a report of the case was filed, for reference by the court (Code Crim. Pro., § 931), on February 19, 1954. As earlier noted, the actual sentence followed, within a week. Under the circumstances, the time consumed in the investigation and report were entirely reasonable. The same is true of the further delay of one week, in the pronouncement of judgment.
The Judge who presided at the time of the plea and again, at the time of sentence, was County Judge Mn/ron A. Wiltse of Jefferson County. In addition to the discharge of his duties in the county of his residence, a part of Judge Wiltse’s time was occupied in traveling a considerable distance to assist in the administration of the business of the County Court, Queens County. A sensible regard for the practical necessities of the over-all situation makes it self-evident that there was no unreasonable delay between the time of the plea and the sentence (Matter of Hogan v. Bohan, 305 N. Y. 110,112-113; People ex rel. *785 Harty v. Fay, 10 N Y 2d 374, 379; People v. Newcombe, 18 A D 2d 1087; People v. Green, 40 Misc 2d 772). Defendant has cited no authority supporting his view that the court’s failure to fix a specific date for the rendition of judgment, of itself, invalidated the sentence later pronounced. The District Attorney acknowledges that he has found no authority on either side of the question, and the court’s own efforts have been no more productive. Guidance, obviously, must be taken from fundamentals.
“ There is a statutory scheme calling for indictment, trial, verdict, pronouncement of judgment and appeal. As to judgment, section 471 * * * provides, a court ‘ must appoint a time for pronouncing judgment ’, and that time, section 472 recites, must be ‘ at least two days after the verdict, if the court intend to remain in session so long, or if not, as remote a time as can reasonably be allowed ’. * * * The plan is unmistakeable ; the court is afforded time to reach decision and pronounce judgment, without running the risk of loosing jurisdiction of the defendant by the expiration of its term — as was the case at common law. * * * But pronounce judgment, impose sentence, it must. * * * In sum, then, following an adjudication of guilt, sentence must be imposed; it may not be deferred or postponed indefinitely.” (Matter of Hogan v. Bohan, 305 N. Y. 110, 112-113, supra; emphasis supplied.)
“ ‘ It is the duty of the court to pronounce judgment promptly at the term at which the conviction is had, unless * * * the case is continued for further adjudication, and the defendant by recognizance or being held in custody is still required to answer the charge. If sentence is indefinitely suspended the court looses jurisdiction, and a judgment subsequently entered is void ’ ” (People ex rel. Party v. Fay, 10 N Y 2d 374, 377, supra, quoting from People v. Penn, 302 111. 488, 494).
Stating that the question is 11 undecided in this State ’ ’ the Court of Appeals asked (10 N Y 2d 374, 376): “ Does an inordinately long and unexplained delay in imposing a criminal sentence cause the trial court to lose jurisdiction so that a sentence thereafter imposed is void and the defendant is entitled to habeas corpus relief? ” and then proceeded, after citing contrary determinations in other jurisdictions, to decide the issue of law in this State by saying:
“For all these reasons we think the better rule is that a long and unnecessary failure to sentence is not only an error but results in lack of jurisdiction. If sentencing can be delayed 6 years without failure of jurisdiction, it can be delayed forever.
*786 “We cannot list in advance all the circumstances which will justify long delays. We know that they are unavoidable in many instances. The rule we make is to be applied to extremely long and unreasonable delays only.” (People ex rel. Harty v. Fay, 10 N Y 2d 374, 379; emphasis supplied.)
In short, as I see it, New York’s “ strong policy against unreasonable delays in criminal causes ” requires that the provisions of sections 471 and 472 of the Code of Criminal Procedure be interpreted and enforced in such a way as to further that policy. Whether the omission in this case was offensive to the policy should, therefore, be determined by reference to the result, not alone the happening, of the procedural fault. In that light, it is plain that no unreasonable delay occurred and that the court’s failure to fix a date for judgment did not adversely qffect the interest intended to be protected by the statutory provisions, or cause it to lose jurisdiction. The sentence imposed was, consequently, completely valid.
Although due notice has been given to the District Attorney’s contention that any question as to the validity of the expired sentence is academic, I prefer to rest this decision on the grounds heretofore stated.