Nathan R. Sobel, J.
This petitioner Alphonse Pérsico contends that the failure of this court to “ appoint a time for pronouncing judgment ” pursuant to section 471 of the Code of Criminal Procedure violated a substantial right now available to him via collateral attack on the judgment which followed. This issue is yet to be flatly decided by an appellate court.
*422 Pérsico interrupted a trial of several days’ duration, on a charge of murder first degree, to plead guilty to murder second degree (Aug. 7, 1951). This court failed to comply with the provisions of section 471. In practice, the section was rarely complied with until late in 1961. During that period there was an average delay of three months in the preparation of sentencing reports by the Probation Department. Instead of the court fixing a date for sentence at the time of plea or verdict, that duty was transferred to the Probation Department to fix the date after completion of the sentencing report.
■Thus in the instant case on .September 7, 1951, the Probation Department forwarded a notice to retained counsel for the petitioner: “ You are advised .that above defendant will be sentenced on Wednesday, September 12, 1951 by 'County Judge Sobel.” On the date specified Pérsico was sentenced to 20 years to life.
I put aside the contention by the District Attorney that relief, if any, is available to this petitioner only via habeas corpus (People v. La Mere, 4 A D 2d 840). The Legislature will shortly abolish the distinctions between the several kinds of collateral relief in criminal eases. See, also, Chief Judge Desmond’s concurring opinion in People v. Sullivan (3 N Y 2d 196, 199). Further, the Court of Appeals in People v. Huntley (15 N Y 2d 72) has recognized the jurisdiction of the court in which the proceedings to oh place (rather than a court in the county of detention) to determine similar issues. It is basically unfair to the up-State habeas courts and to our Attorney-General’s office to impose our responsibilities upon them.
Persico relies primarily upon the dicta in People ex rel. Vischi v. Martin (8 N Y 2d 63, 66), to wit: “ The court’s failure to comply with any one of the several code provisions relating to the judgment and its pronouncement (Code Crim. Pro., §§ 471-473, 480, 481) would, as the relator urges, entitle him to remand for resentencing. We have held a defendant entitled to a resentence where the court failed to accord him a two-day delay prior to pronouncing judgment pursuant to the requirements of section 472 (cf. People ex rel. La Shombe v. Jachson, 7 N Y 2d 345) or to ask him, as mandated by section 480, ‘ why judgment should not be pronounced against him ’ [citing cases].”
In the context in which the foregoing was "stated it constituted dicta. But even dicta from the Court of Appeals is entitled to serious consideration. Petitioner is surely justified in relying thereon.
In addition Pérsico relies on decisions of our appellate courts affording collateral relief to petitioners for failure to comply *423 with, other procedural sections of the Code of Criminal Procedure.
Collateral attack is permitted in this State for failure to comply with the allocution provision of section 480. (People ex rel. Emanuel v. McCann, 7 N Y 2d 342.) In the Federal jurisdiction such collateral relief is denied to Federal prisoners (Hill v. United States, 368 U. S. 424). I do not believe that any other State jurisdiction affords similar relief to its prisoners.
Collateral attack is also permitted in this State for failure to comply with the warning provision of section 335-b (People ex rel. Colon [Bristol] v. Murphy, 14 N Y 2d 83). In People v. Scarpa (N. Y. L. J., July 15, 1964, p. 9, col. 5) I discussed the history and purpose of that section, both of which negate any intention of elevating the warning required thereby to a ‘ ‘ matter of substance ’ ’ (People ex rel. McIntosh v. Fay, 18 A D 2d 175) rather .than a “ directory” (cf. People v. Haskell, 9 N Y 2d 729) provision.
And as noted in the quoted portion of the opinion in Vischi (8 N Y 2d 63, supra), collateral attack is permitted for failure to comply with section 472 (cf. People ex rel. La Shombe v. Jackson, 7 N Y 2d 345).
Sections 480, 335-b and 472 require merely resentence — a matter of little consequence .to the trial courts — but granting such relief opens the door to all issues which might have been raised under section 481. (See my opinion in a previous application by petitioner Pérsico [unreported] dated May 23, 1963, affd. 20 A D 2d 628.)
If the procedural statutes mentioned are deemed to be matters of substance available long after judgment via collateral attack, then it seems logical that a similar holding is required with respect to section 471. But a holding would require resentence of all prisoners sentenced from Kings County prior to 1961. And a recent survey indicates that few of the County Courts in this State complied with this provision prior to Vischi {supra). On the other hand section 480 applied to few prisoners — all in fact were allocated — but record keeping was inadequate in some cases. And section 335-b applied only to second offenders sentenced.
But section 480 and to a lesser extent section 335-b were intended to safeguard some right of the defendants. This is not true with respect to the purpose of section 471.
A study of the history and purpose of section 471 establishes that the section was not intended to protect or safeguard any right of a defendant, substantial or otherwise. That section *424 was added to the Criminal Code of 1881. Prior to the code ‘ ‘ terms of court ’ ’ were fixed by statute both as to time and duration. Under the common-law rule expiration of a .term abated all proceedings. Statutes later enacted (e.g., Civ. Prac. Act, § 92) provided for the adjournment of a term of court in order to avoid abatement of a pending proceeding. (See, also, Judiciary Law, § 6 as derived from Code Civ. Pro., § 34.) All of the statutes required that an adjournment of the term must be effected by an entry upon the minutes.
In a criminal proceeding, in order to avoid abatement between plea or verdict and later sentence, section 471 required that a time be appointed for sentence. The section served merely as a procedural device to prevent abatement.
This conclusion was reached by Judge Fuld in Matter of Hogan v. Bohan (305 N. Y. 110, 112) in discussing the purpose of the statute: ‘ ‘ The plan is unmistakable; the court is afforded time to reach decision and pronounce judgment, without running the risk of losing jurisdiction of the defendant by the expiration of its term — as was the case at common law. (See, e.g., Matter of Rudd v. Hazard, 266 N. Y. 302, 306; People v. Kennedy, 58 Mich. 372.) ”
Nor may a purpose to safeguard any right of a defendant be found in the language used in the .section. It is not a “ speedy sentence ” requirement since no time limit whatsoever is set by the statute.
I hold therefore that failure to appoint a time for sentence violates no right of a defendant, substantial or otherwise. It may not be raised via collateral attack.
But even if I were to reach a contrary conclusion on the basis of the appellate decisions cited {supra), I would hold that the notification of the Probation Department is a .sufficient compliance. The statute does not require that the time must be appointéd on the day of plea or verdict. It would be sufficient compliance if the date is fixed at any time. Nor need it be done by the Judge. Any agency of the court, such as the Probation Department, could be delegated with the authority to do so. The petition is denied.