█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGELLO GRILLO, Appellant, v. HAROLD FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated December 20, 1963, which dismissed the writ after a hearing and remanded him to the custody of the respondent. Judgment affirmed, without costs. No opinion. (See *People ex rel. Wilkes* v. *Doherty,* 25 A D 2d 451.) Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

█ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM WILKES, Appellant, v. WILLIAM R. DOHERTY, as Warden of Queens House of Detention for Men, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Queens County, dated May 5, 1965, which dismissed the writ after a hearing and remanded him to the custody of the respondent. Judgment affirmed, without costs. The relator contends, in effect, that the failure of the sentencing court to "appoint a time for pronouncing judgment" pursuant to section 471 of the Code of Criminal Procedure violated a substantial right and that, by deferring sentence after the verdict of guilt without fixing a date certain therefor, the court was ousted of jurisdiction thereafter to pronounce judgment, thereby rendering the judgment void. The record discloses that the verdict of guilt was rendered on October 25, 1960 and sentence was imposed on February 6, 1961. It is undisputed that after rendition of the jury's verdict no date was fixed for sentence. In our opinion, there is no merit to the relator's argument that a postponement of sentence, without fixing a date therefor, rendered the sentence actually imposed void (*People ex rel. Lee* v. *Fay,* 23 A D 2d 968; *People* v. *Persico,* 45 Misc 2d 421). Following an adjudication or plea of guilt, sentence must be imposed; "it may not be deferred or postponed indefinitely" (*Matter of Hogan* v. *Bohan,* 305 N. Y. 110, 113). Thus, in *People ex rel. Harty* v. *Fay* (10 N Y 2d 374, 379) the Court of Appeals held that "a long and unnecessary failure to sentence is not only an error but results in lack of jurisdiction" and renders void a judgment entered after such delay. In that case it was held that a delay of 6½ years between the guilty plea and the sentence divested the court from jurisdiction to impose sentence. At bar, however, the delay between the rendition of the verdict of guilt (Oct. 25, 1960) and the date of sentence (Feb. 6, 1961) was only a little more than three months. Under the circumstances, we find no valid or persuasive reason for concluding, as relator contends, that the failure to fix a "time" for pronouncement of judgment ousted the court of further jurisdiction to impose sentence. Moreover, the practice followed by the court in this case was in accord with modern sentencing procedure which allows for the completion of all presentencing investigations prior to actual sentence. It has been considered the dictate of sound practice to leave the date of sentence open, so as to avoid the necessity of repeated adjournments of the sentencing date. In sum, "it is plain that no unreasonable delay occurred and that the court's failure to fix a date for judgment did not adversely affect the interest intended to be protected by the statutory provisions, or cause it to lose jurisdiction" (*People* v. *Warrelman,* 42 Misc 2d 783, 786). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.