■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD McCAULEY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 18, 1964, convicting him of attempted possession of a dangerous weapon as a felony, upon his plea of guilty, and imposing sentence as a third felony offender. Defendant's notice of appeal has brought up for review an order of said court, entered June 29, 1964, which denied after a hearing his motion to suppress evidence. Judgment affirmed. The order has been reviewed. In our opinion, the search of the defendant's automobile was a legal search incident to a lawful arrest (cf. *People* v. *Morgan,* 21 A D 2d 815). Beldock, P. J., Hill and Benjamin, JJ., concur; Christ and Rabin, JJ., concur in the result only, because they feel bound by the determination of this court in *People* v. *Morgan* (21 A D 2d 815).

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT A. HUNTER, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, entered November 12, 1964, which dismissed the writ after a hearing and remanded him to the custody of respondent. Judgment affirmed, without costs. Relator was sentenced on May 7, 1963 to a term of two and one-half to five years for his conviction on January 7, 1963 in the Supreme Court, Kings County, of the crime of attempted robbery in the third degree (unarmed), upon his plea of guilty. He attacks the judgment on the ground that the sentencing court failed to comply with section 471 of the Code of Criminal Procedure, which requires the court to appoint a time for pronouncing judgment after receipt of a plea or verdict of guilty. We find no merit to relator's argument. He claims that no date was fixed for pronouncing judgment, yet the fact remains that he appeared with counsel in court on May 7. Someone must have informed counsel that sentence was to be imposed on May 7; some order must have been issued to bring relator, who was then in custody, before the court on that day. In other words, a date was set for sentencing — May 7 — and, absent a showing to the contrary, we must assume that the date was set in a proper and judicial manner. It matters not that the date was not set on the day relator entered his plea. The statute contains no such requirement. In addition, despite dicta indicating the contrary in *People ex rel. Vischi* v. *Martin* (8 N Y 2d 63, 66), it is our opinion that section 471 was not intended to provide convicted defendants with substantial rights, the violation of which entitles them to be remanded for resentencing. Section 471 is a procedural device intended to protect the court against the risk of losing jurisdiction of a defendant by the expiration of its term, i.e., abatement — as was often the case at common law (see *Matter of Hogan* v. *Bohan,* 305 N. Y. 110, 112; *People* v. *Persico,* 45 Misc 2d 421; see, also, *People ex rel. Wilkes* v. *Doherty,* 25 A D 2d 451). We also hold that the four-month time lapse between relator's plea and his sentencing clearly was not such an extremely long and unreasonable delay as to come within the rule set down by the Court of Appeals in *People ex rel. Harty* v. *Fay* (10 N Y 2d 374). The sentencing court did not lose jurisdiction to impose sentence on this relator (*People ex rel. Cassone* v. *Fay,* 18 A D 2d 1095; *People ex rel. Accurso* v. *McMann,* 23 A D 2d 936). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.